FILED

2014 JUL -2 PM 3:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ᴀᴄ  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JASON RAY BAILEY (1),<br>VICTOR ALEJANDRO<br>          FERNANDEZ (2),<br>JOHN GORDON BADEN (3),<br><br>            Defendants. | Case No. 14CR0277-GPC<br><br>I N D I C T M E N T<br>   (Superseding)<br><br>Title 18, U.S.C., Sec. 1349 - Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1030(a)(4) and (c)(3)(A) - Computer Hacking; Title 18, U.S.C., Sec. 1028A(a)(1) - Aggravated Identity Theft; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(2)(B), 982(b), and 1030(i), Title 21, U.S.C., Sec. 853, and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The Grand Jury charges:

### Count 1

(Conspiracy to Commit Wire Fraud)

### Introductory Allegations

At all times relevant to this Indictment:

1.  Company A was a national mortgage lender whose computer servers were located in Michigan. Mortgage brokers operating

SLF:nlv:San Diego
6/30/14

throughout the United States accessed Company A's servers via the Internet. BlitzDocs was a computer program owned and managed by Xerox. The Xerox computer servers that supported BlitzDocs were located in Texas. BlitzDocs customers accessed the BlitzDocs computer application hosted on these servers via the Internet.

2. The term "personal identification information" (hereafter, "PII") referred to names, numbers, and information that could be used, alone or in conjunction with other information, to identify a specific individual. Examples of PII included, but were not limited to, names, social security numbers, dates of birth, official government-issued driver's license numbers, unique bank account numbers, unique brokerage account numbers, and tax identification numbers.

3. Company A used BlitzDocs to store and manage its customers' mortgage applications. These applications contained PII like the customers' names, dates of birth, driver's license numbers, bank account numbers, brokerage account numbers, and, in some cases, credit reports.

4. The term "log-in credentials" referred to a username and password that, when correctly combined, allowed a user to access electronic records that were otherwise protected and unavailable.

### The Conspiracy

5. Beginning in or about July 2011, and continuing up to and including on or about August 18, 2013, within the Southern District of California and elsewhere, defendants JASON RAY BAILEY, VICTOR ALEJANDRO FERNANDEZ, and JOHN GORDON BADEN knowingly and intentionally conspired and agreed with each other, and other persons known and unknown to the grand jury, to devise a material

scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, and said scheme and artifice affected a financial institution, contrary to Title 18, United States Code, Section 1343.

## Manner and Means

6. The objects of the conspiracy were carried out, and to be carried out, in substance as follows:

   a. Defendants BAILEY, FERNANDEZ, BADEN, and others, would obtain and share log-in credentials that enabled them to gain unauthorized access to Company A's electronic customer records and the BlitzDocs computer application that Company A used to manage these records.

   b. Defendants BAILEY, FERNANDEZ, BADEN, and others, would use these log-in credentials without authorization to access BlitzDocs and Company A's electronic customer records and thereby steal customers' PII.

   c. Defendants BAILEY, FERNANDEZ, BADEN, and others, would use this stolen PII, along with PII stolen from other victims and businesses, to defraud merchants and financial institutions, and for private financial gain.

   d. Defendants BAILEY, FERNANDEZ, BADEN, and others, would obtain money and property by falsely representing to businesses and financial institutions that they were the authorized users of brokerage and bank accounts belonging to Company A

customers and other identity theft victims; by intentionally concealing that they did not have permission to access the brokerage and bank accounts belonging to Company A customers and other identity theft victims; and by falsely misrepresenting that they were Company A customers and other identity theft victims to merchants and financial institutions in order to secure lines of credit that would be billed to Company A customers and other identity theft victims.

All in violation of Title 18, United States Code, Section 1349.

## Count 2

(Computer Hacking)

7. The allegations in Paragraphs 1 through 4, and 6 are incorporated and re-alleged by reference in this Count.

8. From January 18, 2013 to January 20, 2013, within the Southern District of California and elsewhere, defendants JASON RAY BAILEY, VICTOR ALEJANDRO FERNANDEZ, and JOHN GORDON BADEN knowingly and with intent to defraud accessed without authorization a protected computer that held the personal identification information of Company A customers and by means of such conduct furthered the intended fraud and obtained something of value, specifically, the personal identification information of Company A customers; in violation of Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A).

## Count 3

(Aggravated Identity Theft)

9. The allegations in Paragraphs 1 through 4, and 6 are incorporated and re-alleged by reference in this Count.

4

10. On or about June 10, 2013, within the Southern District of California, defendant VICTOR ALEJANDRO FERNANDEZ, during and in relation to a felony violation of Title 18, United States Code, Section 1349, as charged in Count 1 herein, knowingly used and possessed, without lawful authority, a means of identification of another person, to wit, D.H.'s name and brokerage account number ending in -8389; in violation of Title 18, United States Code, Section 1028A(a)(1).

### Count 4

(Aggravated Identity Theft)

11. The allegations in Paragraphs 1 through 4, and 6 are incorporated and re-alleged by reference in this Count.

12. On or about February 28, 2013, within the Southern District of California, and elsewhere, defendant VICTOR ALEJANDRO FERNANDEZ, during and in relation to a felony violation of Title 18, United States Code, Section 1349, as charged in Count 1 herein, knowingly used and possessed, without lawful authority, a means of identification of another person, to wit, J.S.'s name and brokerage account ending in -8171; in violation of Title 18, United States Code, Section 1028A(a)(1).

### Count 5

13. The allegations in Paragraphs 1 through 4, and 6 are incorporated and re-alleged by reference in this Count.

14. On or about February 4, 2013, within the Southern District of California, and elsewhere, defendant VICTOR ALEJANDRO FERNANDEZ, during and in relation to a felony violation of Title 18, United States Code, Section 1349, as charged in Count 1 herein, knowingly used and possessed, without lawful authority, a

1  means of identification of another person, to wit, A.L.'s name and
2  brokerage account number ending in -4472; in violation of Title 18,
3  United States Code, Section 1028A(a)(1).

### Counts 6 - 8

### (Wire Fraud)

15. The allegation in Paragraph 2 is incorporated and re-alleged by reference in this Count.

16. Beginning in or about September 2013, and continuing up to and including on or about May 18, 2014, within the Southern District of California and elsewhere, defendant JOHN GORDON BADEN knowingly devised and intended to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts.

17. It was part of the scheme that defendant BADEN would use stolen PII to add himself, under a stolen identity, to existing Sam's Club membership accounts without the account holder's knowledge or consent.

18. It was further part of the scheme that, by gaining access to these Sam's Club's accounts, defendant BADEN obtained a line of credit for each account that he could then use to make unauthorized purchases at Sam's Club and Walmart stores.

19. For the purpose of executing the scheme described above, defendant BADEN caused to be transmitted by means of wire communication in interstate commerce, on or about the dates listed below in Column "A," the signals and sounds described below in

6

Column "B," for each count, each transmission constituting a separate count:

| Count | Column A | Column B |
|---|---|---|
| 6 | May 9, 2014 | credit card charge for $1,494.60 transmitted from a San Diego area Walmart to Walmart's and GE Capital's data centers. |
| 7 | May 9, 2014 | credit card charge for $3,260.11 transmitted from a San Diego area Walmart to Walmart's and GE Capital's data centers. |
| 8 | May 9, 2014 | credit card charge for $2,593.83 transmitted from a San Diego area Walmart to Walmart's and GE Capital's data centers. |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATIONS

20. The allegations contained in Counts 1, 2, 6, 7, and 8 above are realleged herein and incorporated as a part hereof for purposes of seeking forfeiture of property of defendants JASON RAY BAILEY, VICTOR ALEJANDRO FERNANDEZ, and JOHN GORDON BADEN to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and Title 28, United States Code, Section 2461(c).

21. Upon conviction of one or more of the offenses in Counts 1, 2, 6, 7, and 8, defendants JASON RAY BAILEY, VICTOR ALEJANDRO FERNANDEZ, and JOHN GORDON BADEN shall forfeit to the United States 1) any personal property that was used or intended to be used to commit or to facilitate the commission of the offense set forth in Count 2; and 2) any property, real or personal,

constituting or derived from proceeds obtained directly or indirectly as a result of the offenses set forth in Counts 1, 2, and 6 through 8.

22. If any of the properties described above, as a result of any act or omission of defendants JASON RAY BAILEY, VICTOR ALEJANDRO FERNANDEZ, and JOHN GORDON BADEN, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1030(i).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), 982(b), and 1030(i); and Title 28, United States Code, Section 2461(c).

DATED: July 2, 2014.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
SABRINA L. FEVE
Assistant U.S. Attorney

8